William E. Thomson, Jr. (CA SBN 47195)
David A. Randall (CA SBN 156722)
wthomson@brookskushman.com
drandall@brookskushman.com
BROOKS KUSHMAN P.C.
601 S. Figueroa Street, Suite 2080
Los Angeles, CA 90017-5780
Tel.:  (213) 622-3003
Fax:  (213) 622-3053

Attorneys for Plaintiff
Mt. Derm GmbH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MT. DERM GmbH<br><br>       Plaintiff,<br>v.<br><br>OPM ORGANIC PERMANENT MAKEUP<br><br>       Defendant. | Case No.  2:17-CV-9175<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MT. DERM GmbH ("MT. DERM") ("Plaintiff"), by and through its attorneys, for its Complaint against Defendant OPM ORGANIC PERMANENT MAKEUP ("Defendant" or "OPM"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States (Title 35 U.S.C. §§ 1 *et seq.*), based upon Defendant's infringement of United States Patent Nos. 6,505,530 and 6,345,553 and United States Design Patent No. D622,000.

## THE PARTIES

2. Plaintiff MT. DERM is a corporation organized under the laws of Germany having its principal place of business at Gustav-Krone-Str. 3, 14167 Berlin, Germany.

3. Plaintiff MT. DERM sells tattoo and permanent make-up application devices as well as needle cartridges used with these devices, through a chain of distributors in the United States. MT. DERM has all rights, title, and interest in United States Patent Nos. 6,505,530, 6,345,553, and D622,000.

4. Upon information and belief, Defendant OPM is a company having its principal place of business at 12113 Santa Monica Blvd., Suite 203, Los Angeles, CA 90025.

5. Upon information and belief, Ms. Lorine Mikhaeil and Mr. T.J. Balian are Executive Officers of OPM.

//

//

## JURISDICTION AND VENUE

6. This is an action for patent infringement. The claims arise under the patent laws of the United States, Title 35 U.S.C. §§ 1 *et seq*.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (original jurisdiction under patent laws).

8. This Court has personal jurisdiction over Defendant OPM because, on information and belief, OPM resides in and transacts business within this District and has committed acts of patent infringement in this District, including, without limitation, the importation, offer for sale and/or sale of the Infringing Products described herein.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because OPM resides in and has a regular and established place of business within this District and because OPM has conducted regular acts of infringement within this District by selling, offering to sell, and, importing the Infringing Products.

## THE PATENTS-IN-SUIT

10. On February 12, 2002, Application No. 10/072,991 was filed before the United States Patent Office ("USPTO") as a continuation of Application No. 09/671,650. On January 14, 2003, the USPTO duly and legally issued U.S. Patent No. 6,505,530 (hereinafter "the '530 Patent"), entitled "Ink Application Device for Tattooing or for Making Permanent Make-Up." A true and correct copy of the '530 Patent is attached hereto as "Exhibit A."

//

11. On November 4, 2015, following a reexamination requested by MT. DERM, the USPTO issued a reexamination certificate for the '530 Patent, bearing U.S. Patent No. 6,505,530 Cl ("the '530 Reexamination Certificate"). A true and correct copy of the '530 Reexamination Certificate is attached hereto as "Exhibit B." The '530 Patent as reexamined is referred to as the "Reexamined '530 Patent."

12. The named inventors of the Reexamined '530 Patent are Frank Adler, Walter Lisec and Gerhard Türk.

13. The inventors assigned all right, title, and interest in the Reexamined '530 Patent to Plaintiff MT. DERM.

14. On September 28, 2000, Application No. 09/671,650 was filed before the USPTO, and on February 12, 2002 the USPTO duly and legally issued U.S. Patent No. 6,345,553 (hereinafter "the '553 Patent"), entitled "Ink Application Device for Tattooing or for Making Permanent Make-Up." A true and correct copy of the '553 Patent is attached hereto as "Exhibit C."

15. The named inventors of the '553 Patent are Frank Adler, Walter Lisec and Gerhard Türk.

16. The inventors assigned all right, title, and interest in the '553 Patent to Plaintiff MT. DERM.

17. On April 24, 2007, Design Patent Application No. 29/274,444 was filed before the USPTO. On August 17, 2010 the USPTO duly and legally issued U.S. D622,000 S (hereinafter "the '000 Design Patent"), entitled "Module For A Tattoo And Permanent Make-Up Applicator." A true and correct copy of the '000 Design Patent is attached hereto as "Exhibit D."

18. The named inventor of the '000 Design Patent is Jörn Kluge.

19. The inventor assigned all right, title, and interest in the '000 Design Patent to Plaintiff MT. DERM.

## FACTUAL ALLEGATIONS

20. Upon information and belief, OPM maintains an internet website at https://opmakeup.com.

21. Upon information and belief, OPM advertises and sells infringing permanent make-up application devices and compatible needle cartridges for use in the devices. *See, e.g.*,

https://opmakeup.com/collections/machines/products/opm-machine;

https://opmakeup.com/collections/machines/products/opm-hand-piece-machine;

https://opmakeup.com/collections/needles.

22. Upon information and belief, OPM advertises and sells needle cartridges, including, without limitation, the "OPM-1R (Needle #1)," "OPM-3RL (Needle #3)," "OPM-4F (Needle #4)," "OPM-5SE (Needle #5)," and "TMS Needle" (collectively, the "OPM Needle Cartridges"). *See, e.g.*,

https://opmakeup.com/collections/needles.

23. Upon information and belief, OPM advertises and sells permanent makeup control devices and hand-pieces (collectively, the "OPM Devices") that are compatible with its OPM Needle Cartridges, including but not limited to the "OPM Hand Piece" and "OPM Machine." *See, e.g.*,

https://opmakeup.com/collections/machines/products/opm-hand-piece-machine;

https://opmakeup.com/collections/machines;

https://opmakeup.com/collections/machines/products/opm-machine

//

1   24.     Upon information and belief, OPM markets the OPM Needle
2   Cartridges and OPM Devices as being compatible to form a "Complete OPM
3   Machine." *See, e.g.*,
4   https://opmakeup.com/collections/machines/products/opm-machine
5   https://opmakeup.com/collections/machines/products/opm-complete-package-
6   online-training;
7   https://opmakeup.com/collections/machines;
8   https://opmakeup.com/collections/machines/products/opm-hand-piece-machine.
9   25.     Collectively, the permanent make-up application devices and
10  compatible needle cartridges for use in the devices sold and/or offered for sale by
11  OPM, including but not limited to those identified above in Paragraphs 21-24, are
12  referred to herein as the "Infringing Products."
13  26.     Upon information and belief, the OPM Needle Cartridges have an
14  integrated membrane that prevents backflow of body fluids and airborne
15  contaminants entering the hand piece, eliminating the possibility of cross-
16  contamination. *See, e.g.*,
17  https://opmakeup.com/collections/machines/products/opm-hand-piece-machine.
18  27.     Upon information and belief, OPM markets and sells combinations of
19  the Infringing Products, with and without training services for using the Infringing
20  Products. *See, e.g.*,
21  https://opmakeup.com/collections/machines/products/opm-machine,
22  https://opmakeup.com/collections/opm-machine-packages-online-training.
23  28.     Defendant OPM markets and sells devices for applying permanent
24  make-up (PMU) and/or tattoos and needle cartridges for use with such devices,

COMPLAINT FOR PATENT
INFRINGEMENT                               5

including the Infringing Products listed above in Paragraphs 21-24, that compete with products manufactured, marketed, and sold by Plaintiff and that are the subject of this action.

## COUNT I

### (Infringement of the Reexamined `530 Patent)

29. The allegations of Paragraphs 1-28 are repeated and re-alleged as if set forth fully herein.

30. Defendant OPM has infringed one or more claims of the Reexamined '530 Patent in violation of 35 U.S.C. § 271(a), (b), and/or (c), by importing, selling, and offering for sale, personal makeup devices and/or needle cartridges for use with its personal makeup devices embodying the invention claimed in the Reexamined '530 Patent, including (but not limited to) the "OPM Machine," "OPM Hand Piece," and the OPM Needle Cartridges, including, without limitation, "OPM-1R (Needle #1)", "OPM-3RL (Needle #3)", "OPM-4F (Needle #4)", "OPM-5SE (Needle #5)", and "TMS Needle." *See* https://opmakeup.com/collections/needles; https://opmakeup.com/collections/machines; https://opmakeup.com/collections/machines/products/opm-machine; https://opmakeup.com/collections/machines/products/opm-hand-piece-machine; https://opmakeup.com/collections/machines/products/opm-complete-package-online-training; https://opmakeup.com/collections/machines/products/opm-scalp-complete-package-scalp-pigmentation-online-courses.

//

1  31. Defendant's OPM Devices assembled with its OPM Cartridges,
2  including but not limited to the Infringing products identified in Paragraphs 21-24,
3  include all the elements of claims 1-3, 7-12, 16-18, 25-27, 31-36, 40-42, 49-51, 55-
4  60, 64-66, 73-75, 79-84, and 88-90 of the Reexamined '530 Patent, and therefore
5  directly infringe these claims.
6  32. The use of Defendant's OPM Devices combined with its OPM
7  Cartridges, including but not limited to the Infringing products identified in
8  Paragraphs 21-24, satisfies the method claims 19-24, 43-48, and 67-72 of the
9  Reexamined '530 Patent, and therefore directly infringe these claims.
10  33. The OPM Needle Cartridges constitute the claimed "unitary sterilized
11  disposable module," and are specifically designed to be connected to the
12  compatible OPM Hand Piece, constituting the claimed "basic module," having a
13  handle and an integrated needle drive.
14  34. The OPM Hand Piece is designed to be connected to the OPM
15  Machine by a control line connected to the OPM Hand Piece and a plug coupled to
16  the control line, providing a power supply to a motor housed in the handpiece.
17  35. Defendant has induced others to infringe the Reexamined '530 Patent
18  at least by offering for sale on the https://opmakeup.com/ website the Infringing
19  Products, which include needle cartridges, such as the OPM Needle Cartridges,
20  that constitute the claimed "unitary sterilized disposable module," specifically
21  designed to be operatively inserted into a permanent makeup device, such as the
22  "OPM Hand Piece" combined with the "OPM Machine," having an integrated
23  needle drive and a handle, constituting the claimed "basic module," and by
24  suggesting combinations of these products in a manner that infringes one or more

claims of the Reexamined '530 Patent, such as through marketing and online training, with full knowledge of this infringement.

36. With knowledge of the Reexamined '530 Patent, Defendant indirectly infringes the patent by inducing and contributing to the direct infringement of a class of actors that includes end-users of the Infringing Products by selling, offering for sale, and otherwise encouraging the class of actors to use the Infringing Products, which when combined include all the elements described in one or more claims of the Reexamined '530 Patent, while aware of the fact that such acts amount to infringement of one or more claims of the Reexamined '530 Patent and with the specific intent to contribute to the infringement.

37. The Infringing Products include components that are intended to be combined for use as a system covered by one or more of the claims of the Reexamined '530 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for non-infringing use.

38. The infringing actions of Defendant are and have at all times been without the consent of, authority of, or license from Plaintiff.

39. As a direct and proximate result of the infringement of the Reexamined '530 Patent by Defendant, Plaintiff has suffered damages in an amount which cannot yet be fully ascertained, which will be proven at trial.

40. Upon information and belief, Defendant has knowledge of the infringement of the Reexamined '530 Patent, yet Defendant continues to infringe the Reexamined '530 Patent.

41. On or about March 29, 2017 correspondence from Plaintiff's counsel was delivered to Defendant, informing Defendant of its infringement of the

Reexamined '530 Patent in connection with Defendant's sales and/or offers for sale of its disposable needle cartridge products for use with handheld digital permanent make up devices that were offered for sale on your website (www.organicpermanentmakeup.com).

42. The infringement of the Reexamined '530 Patent by Defendant is knowing and willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

43. The infringement of the Reexamined '530 Patent by Defendant has caused and continues to cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.

## COUNT II

### (Infringement of the `553 Patent)

44. The allegations of Paragraphs 1-28 are repeated and re-alleged as if set forth fully herein.

45. Defendant OPM has infringed one or more claims of the '553 Patent in violation of 35 U.S.C. § 271(a), (b), and/or (c) by importing, selling, and offering for sale, personal makeup devices and/or needle cartridges for use with its personal makeup devices embodying the invention claimed in the Reexamined '530 Patent, including (but not limited to) the "OPM Machine," "OPM Hand Piece," and the OPM Needle Cartridges, including, without limitation, "OPM-1R (Needle #1)", "OPM-3RL (Needle #3)", "OPM-4F (Needle #4)", "OPM-5SE (Needle #5)", and "TMS Needle." *See*

//

https://opmakeup.com/collections/needles;

https://opmakeup.com/collections/machines;

https://opmakeup.com/collections/machines/products/opm-machine;

https://opmakeup.com/collections/machines/products/opm-hand-piece-machine;

https://opmakeup.com/collections/machines/products/opm-complete-package-online-training;

https://opmakeup.com/collections/machines/products/opm-scalp-complete-package-scalp-pigmentation-online-courses.

46. Defendant's OPM Cartridges, including but not limited to the Infringing Products identified in Paragraph 22, include all the elements of at least claims 27, 28, and 30 of the `530 Patent, and therefore directly infringe these claims.

47. Defendant's OPM Devices assembled with its OPM Cartridges, including but not limited to the Infringing products identified in Paragraphs 21-24, include all the elements of claims 1-14, 20-23, and 26 of the '553 Patent, and therefore directly infringe these claims.

48. The OPM Needle Cartridges constitute the claimed "sterilized disposable module," and are specifically designed to be connected to the compatible OPM Hand Piece, constituting the claimed "basic module," having a handle and an integrated needle drive.

49. The OPM Hand Piece is designed to be connected to the OPM Machine by a control line connected to the OPM Hand Piece and a plug coupled to the control line, providing a power supply to a motor housed in the handpiece.

//

50. Defendant has induced others to infringe the '553 Patent at least by offering for sale on its https://opmakeup.com/ website the Infringing Products, which include needle cartridges, such as the OPM Needle Cartridges, that constitute the claimed "sterilized disposable module," specifically designed to be operatively inserted into a permanent makeup device, such as the "OPM Hand Piece" combined with the "OPM Machine," having an integrated needle drive and a handle, constituting the claimed "basic module," and by suggesting combinations of these products in a manner that infringes one or more claims of the '553 Patent, such as through marketing and online training, with full knowledge of this infringement.

51. With knowledge of the '553 Patent, Defendant indirectly infringes the patent by inducing and contributing to the direct infringement of a class of actors that includes end-users of the Infringing Products by selling, offering for sale, and otherwise encouraging the class of actors to use the Infringing Products, which when combined include all the elements described in one or more claims of the '553 Patent, while aware of the fact that such acts amount to infringement of one or more claims of the '553 Patent and with the specific intent to contribute to the infringement.

52. The Infringing Products include components that are intended to be combined for use as a system covered by one or more of the claims of the '553 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for non-infringing use.

53. The infringing actions of Defendant are and have at all times been without the consent of, authority of, or license from Plaintiff.

54. As a direct and proximate result of the infringement of the '553 Patent by Defendant, Plaintiff has suffered damages in an amount which cannot yet be fully ascertained, which will be proven at trial.

55. Upon information and belief, Defendant has knowledge of the infringement of the '553 Patent, yet Defendant continues to infringe the '553 Patent.

56. On or about March 29, 2017 correspondence from Plaintiff's counsel was delivered to Defendant, informing Defendant of its infringement of the '553 Patent in connection with Defendant's sales and/or offers for sale of its disposable needle cartridge products for use with handheld digital permanent make up devices that were offered for sale on your website (www.organicpermanentmakeup.com).

57. The infringement of the '553 Patent by Defendant is knowing and willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

58. The infringement of the '553 Patent by Defendant has caused and continues to cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.

## COUNT III

### (Infringement of the `000 Design Patent)

59. The allegations of Paragraphs 1-28 are repeated and re-alleged as if set forth fully herein.

60. Defendant OPM, without authorization from Plaintiff, has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, needle

cartridges having designs that infringe the '000 Design Patent. *See, e.g.*, https://opmakeup.com/collections/needles.

61. On information and belief, the overall appearance of the designs of the '000 Design Patent (exemplified by the NOUVEAU CONTOUR Simplicity Needles) and the OPM Needle Cartridges are substantially the same. *Compare* https://opmakeup.com/collections/needles/products/opm-r1-needle-1 *with* https://nouveaucontourusa.com/product/simplicity-needles-10-pk/ and https://nouveaucontourusa.com/product/simplicity-hand-piece/:

OPM-1R (Needle #1)                    Nouveau Contour Simplicity Needle

62. On information and belief, an ordinary observer will perceive the overall appearance of the designs of the '000 Design Patent and the corresponding designs of the OPM Needle Cartridges to be substantially the same.

63. Table 1 below illustrates OPM's infringement of the '000 Design Patent by comparing figures from the '000 Design Patent with exemplary images of the OPM Needle Cartridges.

//

//



COMPLAINT FOR PATENT INFRINGEMENT    14



64. On information and belief, Defendant OPM intended to copy the designs covered by the '000 Design Patent.

65. Plaintiff has been and will continue to be irreparably harmed by Defendant OPM's infringement of the '000 Design Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MT. DERM respectfully requests that the Court grant the following relief:

a) a finding that the Reexamined '530 Patent, the '553 Patent, and '000 Design Patent are valid and enforceable;

b) enter judgment that Defendant infringes and has directly, indirectly, contributorily and/or by inducement, infringed the Reexamined '530 Patent, the '553 Patent, and '000 Design Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

//

//

COMPLAINT FOR PATENT INFRINGEMENT 15

1  c) enter judgment that this action for infringement is an exceptional case
2 under 35 U.S.C. § 285, and award Plaintiff's reasonable attorneys' fees and costs;
3  d) enter judgment that the infringement of the Reexamined '530 Patent,
4 the '553 Patent, and the '000 Design Patent by Defendant has been willful and
5 award Plaintiff treble damages under 35 U.S.C. § 284;
6  e) order Defendant to pay damages adequate to compensate Plaintiff for
7 Defendant's infringement of the Reexamined '530 Patent, the '553 Patent, and
8 '000 Design Patent pursuant to 35 U.S.C. § 284, together with prejudgment and
9 post-judgment interest, in an amount according to proof;
10  f) enter judgment permanently enjoining Defendant and its officers,
11 agents, servants, employees, and attorneys, and all other persons and entities acting
12 in concert or participation with them, from infringing, inducing others to infringe
13 or contributing to the infringement of the Reexamined '530 Patent, the '553 Patent,
14 and the '000 Design Patent;
15  g) in the event a permanent injunction is not granted, determine the
16 conditions for future infringement or grant such other relief as the Court deems
17 appropriate; and
18  h) award Plaintiff such further relief as this court deems just and proper.
19 //
20 //
21 //
22 //
23 //
24 //

## DEMAND FOR JURY TRIAL

Plaintiff respectfully request a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

DATED: Dec. 22, 2017

By: /s/ William E. Thomson, Jr.
William E. Thomson, Jr. (CA SBN 47195)
David A. Randall (CA SBN 156722)
BROOKS KUSHMAN P.C.
601 South Figueroa Street, Suite 2080
Los Angeles, CA 90017-5726
Telephone: (213) 622-3003
Facsimile: (213) 622-3053
wthomson@brookskushman.com
drandall@brookskushman.com

Michael R. Dzwonczyk, Esq.
Grant S. Shackelford, Esq.
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mdzwonczyk@sughrue.com
gshackelford@sughrue.com

*Attorneys for Plaintiffs MT. DERM GmbH*

_____

836361_1